UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY R. MOORE, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action: 3:24-cv-00603-S-BN |
| | § | |
| JPMORGAN CHASE, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, JPMorgan Chase, more properly identified as JPMorgan Chase Bank, N.A. ("Chase") moves to dismiss the Complaint filed on March 12, 2024 ("Complaint") by Plaintiff Randy R. Moore ("Plaintiff"), for failure to state a plausible claim for relief. For the reasons discussed more fully below, the Court should dismiss the Complaint with prejudice.

## I.   INTRODUCTION AND BACKGROUND FACTS

Plaintiff filed suit against Chase alleging Chase violated the Federal Reserve Act, Section 16, the Federal Reserve Act, Section 29, the Bills of Exchange Act, and the Truth in Lending Act. Plaintiff also alleges Chase breached its contract with Plaintiff. Plaintiff seeks over $15,000,000.00 in damages.[1]

On October 20, 2023, Plaintiff and Chase entered into a retail installment contract (the "Loan").[2] All of Plaintiff's claims against Chase arise from this Loan. The essence of Plaintiff's

---

[1] *See* Complaint.
[2] *Id. and see* Exhibit "A," APP 2-6. The retail installment contract is referenced in Plaintiff's Complaint and therefore, the Court may consider Exhibit "A" without converting this Motion to a Rule 56 Motion for Summary Judgment. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) ("When a defendant attaches documents to its motion that are referred to in the complaint and are central to plaintiff's claims, the court may also properly consider

claims are that "payments" were sent on his Loan, but they were not properly credited by Chase.[3] Plaintiff claims that Chase should be held liable for refusing to credit what amounts to nothing more than endorsed payment coupons as payments for his Loan. As will be discussed, Plaintiff's claims are patently frivolous and consistent with those made by the sovereign citizen community, which believes the United States government operates on a credit system using American citizens as collateral.[4] "Sovereign citizens exploit this belief by filing fraudulent financial documents charging their debt to the Treasury Department."[5] A number of courts have recently considered and rejected nearly identical sovereign citizen claims as asserted by Plaintiff.[6] Like these other sovereign citizen cases, Plaintiff has no viable claims, and his claims are frivolous. Accordingly, all of Plaintiff's claims should be dismissed with prejudice without leave to amend.

## II.    ARGUMENT AND AUTHORITIES

### A.    Applicable Legal Standard.

Pursuant to Rule 12(b)(6), the Court should dismiss outright a complaint that fails "to state a claim upon which relief can be granted."[7] In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant,[8] but not

---

those documents."); *and Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) ("In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.").

[3] *See* Complaint, "Plaintiff tendered payment, giving rise to the bill. By the plaintiff being the holder/bearer of the account to which the bill (unconditional order to pay) was signed by the plaintiff which is the drawer for the drawee to pay on demand or at a fixed or determinable future time, a sum certain in money to the order of a specified person or to the bearer which is the plaintiff," "Plaintiff endorsed and performed on the bill, sending certified mail to defendants giving such instruction on behalf of the principal to apply the principal's balance to the principal's account every billing cycle for set-off," and "[d]efendants denied payment all three times causing the account to be in delinquent status." *See* also Exhibit "B," APP 8-20, which are documents Chase received from Plaintiff and specifically referenced in the Complaint.

[4] *See Wilson v. Aqua Finance*, 2023 WL 7924150 *3 (D. South Carolina October 26, 2023) *quoting El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 750 (7th Cir. 2013); *and see* https://oig.treasury.gov/Scams/Bogus-Sight-Drafts?secureweb=AcroRd32.

[5] *Wilson* at *3.

[6] *See Wilson; and see Harp v. Police & Fire Fed. Credit Union*, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023); and *Anderson v. Navy Federal Credit Union*, 2023 WL 6481518 (W.D. Wash. October 5, 2023).

[7] Fed. R. Civ. P. 12(b)(6).

[8] *See Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).

conclusory allegations or legal conclusions masquerading as facts. Such will not suffice to prevent a motion to dismiss.[9] A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[10] It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[11] While not a "probability requirement," the plausibility standard announced in *Twombly* and *Iqbal* requires "more than a sheer possibility that a defendant has acted unlawfully."[12] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[13] As discussed below, Plaintiff's Complaint fails to meet these standards.

**B.     Plaintiff's Complaint Does Not Implicate the Federal Reserve Act.**

In his Complaint, Plaintiff summarily contends that Sections 16 and 29 of the Federal Reserve Act are at issue. Plaintiff states no facts to support his claim that Chase violated the Federal Reserve Act, and instead Plaintiff simply identifies Sections 16 and 29 of the Federal Reserve Act as statutes at issue in his case.

Section 16 of the Federal Reserve Act, codified at 12 U.S.C. § 411-421, pertains to the issuance and redemption of Federal Reserve notes. For example, 12 U.S.C. § 411's purpose is to clarify that Federal Reserve notes are authorized currency of the United States.[14] The purpose of Section 16 of the Federal Reserve Act is to delegate various powers to the Federal Reserve System.[15] Section 16 of the Federal Reserve Act does not provide Plaintiff with a private right of

---

[9] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).
[11] *Id.* (quoting *Twombly*, 550 U.S. at 570).
[12] *Id.* (quoting *Twombly*, 550 U.S. at 557).
[13] *Id.*
[14] *Provenza v. Comptroller of Treasury*, 497 A.2d 831, 833-34 (Md. App. 1985).
[15] *Milam v. United States*, 524 F.2d 629 (9th Cir. 1974).

action.[16] Likewise, Section 29 of the Federal Reserve Act, codified at 12 U.S.C. § 504, provides for the imposition of penalties against banks that, among other things, engage in "unsafe or unsound practices," and does not provide a private right of action.[17] For the above reasons, Plaintiff's Federal Reserve Act claims should be dismissed.

**C.    Plaintiff Alleges No Facts to Support a Claim that Chase Violated the Truth In Lending Act.**

Plaintiff also summarily contends Chase violated the Truth In Lending Act. Plaintiff states no facts to support his claim that Chase violated the Truth In Lending Act, and instead Plaintiff simply identifies it as a statute at issue in his case. As such, to the extent he has asserted a Truth In Lending Act claim against Chase, the claim should be dismissed.

**D.    The Bills of Exchange Act is not a Federal Statute and this Cause of Action Asserted by the Plaintiff Must be Dismissed.**

Like lawsuits filed by other sovereign citizens, Plaintiff claims Chase violated the "Bill of Exchange Act." There is no federal statute entitled the "Bills of Exchange Act."[18] Accordingly, Plaintiff's Bills of Exchange Act claim against Chase should be dismissed.

---

[16] *See Payne v. Spectrum, et al.*, 2023 WL 8681199, at *2 (W.D. Tex. Dec. 15, 2023) ("Neither Section 16 nor Section 29 provide Plaintiff with a private right of action and therefore cannot serve as a basis for federal question jurisdiction.").

[17] *See Harp v. Police & Fire Fed. Credit Union*, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023) ("[T]he imposition of civil penalties under Section 29 is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act."); *Payne v. Spectrum, et al.*, 2023 WL 8681199, at *2 (W.D. Tex. Dec. 15, 2023); *Whyte v. Collins*, 2023 WL 5673121, at *2 (N.D. Tex. Aug. 14, 2023), *report and recommendation adopted*, 2023 WL 5673450 (N.D. Tex. Sept. 1, 2023); *Greathouse v. Hayes*, 2023 WL 6882227, at *2 (W.D. Mich. Sept. 15, 2023), *report and recommendation adopted*, 2023 WL 6880195 (W.D. Mich. Oct. 18, 2023); *White v. Lake Union Ga Partners LLC*, No. 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) (collecting cases).

[18] *See Chavis v. T-Mobile US, Inc.*, No. A-23-CV-1513, 2024 U.S. Dist. LEXIS 6565 (W.D. Tex., Jan. 11, 2024) ("[T]here is no federal statute entitled The Bill of Exchange Act. While there are foreign statues entitled Bill of Exchange Acts, those laws do not apply to commercial transactions in the United States between United States citizens."); *Griffin v. General Electric Credit Union*, 2023 WL 5955735 *3 (S.D. Ohio Sept. 13, 2023): *Des Rochers v. Moynihan*, A-16-CV-560-SS-M, 2016 WL 11584833 (W.D. Texas May 16, 2016) (dismissing as legally frivolous a complaint alleging claim under an English law entitled the "Bills of Exchange Act of 1882"); *McPherson v. Tompkins Trust Company*, No. 3:18-cv-453-TJM-DEP, 2018 WL 5283871, at *4 (N.D.N.Y. Oct. 24, 2018) (granting judgment to defendants, construing plaintiff's reference to the "Bills of Exchange Act of March 30, 1821" as a reference to a Pennsylvania statute that provides no relief in federal court).

### E. Plaintiff's Breach of Contract Claim Fails.

Although not entirely clear, Plaintiff's claim for breach of contract appears to be premised on his allegation that Chase was required to accept his doctored payment coupons as forms of payment under the Bill of Exchange Act.[19] In Texas, a plaintiff claiming breach of contract must establish (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) resulting damages to the plaintiff.[20] In addition, to support a claim for breach of contract, a plaintiff must point to a specific provision of a particular contract that was allegedly breached.[21] No claim for breach of contract can survive without this element of pleading.[22]

Here, the Complaint is unclear as to the specific contract provisions Chase is alleged to have breached. From his Complaint, it appears Plaintiff is alleging that Chase breached its contract with Plaintiff by refusing to accept as legal tender an "endorsed bill" created by Plaintiff. However, "an 'endorsed bill', created by a private citizen cannot be used as legal tender in the United States."[23] Therefore, "a plaintiff cannot satisfy his obligations under [a] loan or credit agreement by submitting [the endorsed bill] as payment for the debt."[24] Plaintiff cannot satisfy his payment obligation under the Loan by submitting endorsed payment coupons as payment.[25] Accordingly, Plaintiff cannot state a plausible cause of action for breach of contract. Therefore, his breach of contract claim should be dismissed.

---

[19] *See* Complaint, pp. 6-7.
[20] *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex. App.—San Antonio 2002, no pet.).
[21] *Sheddy v. JPMorgan Chase Bank, N.A.,* No. 3:12-cv-2804-M, 2013 WL 5450288, at *8 (N.D. Tex. Sept. 30, 2013).
[22] *Id.*
[23] *See Whitfield v. Am. Express Nat'l Bank*, 2024 U.S. Dist. LEXIS 64456 *4-6 (W.D. Tex. April 9, 2024).
[24] *Id.*
[25] *Id.*

**F.    Plaintiff's Claims are Futile and Should be Dismissed with Prejudice.**

"When a complaint fails to state a claim, the court should generally give the plaintiff a chance to amend before dismissing the action with prejudice, *unless amendment would be futile*."[26] Because Plaintiff's claims against Chase are premised on sovereign citizen theories, his case is "utterly frivolous, patently ludicrous, and a waste of … the court's time."[27] As such, an amendment would be futile as to Plaintiff's sovereign citizen claims and therefore, dismissal should be with prejudice. [28]

### III.    CONCLUSION

For the reasons set forth herein, Plaintiff has failed to state any claim for relief against Chase upon which relief may be granted. Accordingly, Chase respectfully requests that the Court dismiss Plaintiff's claims with prejudice and for all relief at law or equity to which Defendant have shown themselves entitled.

Respectfully submitted,

  /s/Aimee G. Szygenda
Gregg D. Stevens, SBN: 19182500
gstevens@hinshawlaw.com
Aimee Szygenda, SBN: 24027054
aszygenda@hinshawlaw.com
HINSHAW CULBERTSON, LLP
1717 Main Street, Suite 3625
Dallas, Texas 75201
Telephone: 945-229-6377
Facsimile: 312-704-3001

***ATTORNEYS FOR DEFENDANT JPMORGAN CHASE, MORE PROPERLY IDENTIFIED AS JPMORGAN CHASE BANK, N.A.***

---

[26] *Pi Data Ctrs. Pvt. Ltd. V. Hpe Enters. Co*., 2024 U.S. Dist. LEXIS 41879 *6 (S.D. Tex. March 11, 2024) (emphasis added).
[27] *Banks v. Florida*, No. 19-756, 2019 U.S. Dist. LEXIS 224542 *2 (M.D. Fla. Dec. 17, 2019), R. & R. adopted, 2020 U.S. Dist. LEXIS 3551 (M.D. Fla., Jan. 8, 2020).
[28] *See Smith v. Flagstar*, 2024 U.S. Dist. LEXIS 11463 * 1-2 (S.D. Tex. Jan. 23, 2024).

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2024, the foregoing document is being filed with the Clerk of Court via CM/ECF, notice of which was sent via electronic filing to the following:

Randy R. Moore
3618 Auriga Drive
Garland, TX 75044
rm8676dm@gmail.com

                                                 */s/ Aimee G. Szygenda*
                                                 Aimee G. Szygenda