IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY R. MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-603-S-BN |
| | § | |
| JP MORGAN CHASE, | § | |
| | § | |
| Defendant. | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Randy R. Moore filed this *pro se* action, which the presiding United States district judge referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b).

Defendant JPMorgan Chase Bank, N.A. ("Chase") moves to dismiss Moore's complaint under Federal Rule of Civil Procedure 12(b)(6), Moore moves for leave to file an amended complaint, and the parties briefed the motions. See Dkt. Nos. 9-17.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to dismiss, deny the motion for leave to amend, and dismiss this lawsuit with prejudice.

## Discussion

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g., Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions. So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause

of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

And, while "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (cleaned up).

Even so, Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2).

Because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to

deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

Moore cites several statutes in his original complaint, *see* Dkt. No. 2 at 3, one of which – the Truth in Lending Act ("TILA") – provides for a private right of action.

But no facts alleged in that complaint (or the proposed amended complaint) allow for a reasonable inference that Chase committed a TILA violated. *See Val-Com Acquisitions Tr. v. Bank of Am., N.A.*, No. 3:10-cv-1965-M, 2011 WL 2312284, at *3 (N.D. Tex. June 9, 2011) ("Even if Plaintiffs were granted relief from the statute of limitations, the Plaintiffs' claims fail under Rule 8. Plaintiffs do not state a single fact in their Amended Complaint about what TILA disclosures were not made by AWL, BOA, or BAC, or through what actions procedures were violated.").

And, putting aside the statutes cited and focusing just on the facts alleged, a Chase's failing to return a negotiable instrument that Moore sent to it unprompted neither results in a breach of contract nor a breach of fiduciary duties.

Starting with the breach-of-contract claim, "[f]orming a valid contract under Texas law requires: (1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." *U.S. Bank Nat'l Ass'n v. Richardson*, No. 3:17-cv-2271-L, 2019 WL 1115059, at *3 (N.D. Tex. Mar. 11, 2019) (cleaned up).

"Once a valid contract is formed, to assert a claim for its breach under Texas

law, a plaintiff must establish (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Id.* (cleaned up).

But Moore fails to allege facts to support all (if any) of the required elements.

The same is true for the alleged breach of fiduciary duty where Moore, for example, fails to even offer facts that could show the existence of a fiduciary relationship between Chase and him. *See, e.g., D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 215 (5th Cir. 2018) ("The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship must exist between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." (quoting *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 581 (5th Cir. 2015) (quoting, in turn, *Graham Mortg. Corp. v. Hall*, 307 S.W.3d 472, 479 (Tex. App. – Dallas 2010, no pet.)))).

In sum, dismissal is appropriate under Rule 12(b)(6). And granting leave to amend would be futile.

## Recommendation

The Court should grant the motion to dismiss [Dkt. No. 9], deny the motion for leave to amend [Dkt. No. 14], and dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 17, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE